IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

FILED
July 26, 2005

CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| TOMMIE GAIL BUNCH AND | § | |
| RICKEY GENE BUNCH, | § | |
|     Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION 7:05CV-97 |
| | § | |
| CITY OF WICHITA FALLS, | § | |
|     Defendants. | § | |

### Memorandum Opinion and Order

Before the Court are Plaintiffs' Motion for Preliminary Injunction and Defendant's Motion to Dismiss Count 1 "Retaliatory Prosecution" (construed as complaint of malicious prosecution) . For the reasons set forth below, Plaintiffs' Motion is DENIED and Defendant's Motion is GRANTED

I.  Background

The following is a short summary of the pertinent facts.  Plaintiff RICKEY Bunch's law firm represents Dr. Allen Zarnow in a civil rights lawsuit against the City of Wichita Falls (currently pending before Magistrate Judge Roach in Civil Action No. 7:01-cv-128).  In the course of that lawsuit, Mr. Bunch's firm made an open records request of the City.  Shortly after a dispute over that request, the City instituted actions to bring charges against Plaintiffs for alleged zoning violations. Mr. Bunch practices law out of the home that he shares with his mother, Plaintiff Tommie Bunch. Plaintiffs argue that Mr. Bunch has been peacefully practicing law out of his home for years without complaint, and that the City has brought charges against him in retaliation for the open records dispute in the Zarnow case.  Furthermore, Plaintiffs argue that the zoning ordinance is unconstitutional.  The City argues that the zoning prosecution is not being conducted in retaliation

for Mr. Bunch's representation of Dr. Zarnow and the related open records dispute.

II. Arguments

Defendant argues that this Court should not grant injunctive relief to Plaintiffs because the fine issued by the City for zoning violations creates a criminal proceeding in the Wichita Falls Municipal Court, and it is in that court that Plaintiff can seek relief to challenge the constitutionality of the zoning ordinance. Defendant correctly points out that Plaintiffs have not plead a defect in the criminal process which precludes them from having an adequate remedy at law in that forum. In *Empire Pictures Distributing Co., Inc. v. City of Fort Worth,* 273 F.2d 529, 538 (5th Cir. 1960) the Fifth Circuit held that "it is clear that the federal courts should defer to state courts, because of the long settled principle that a federal court will intervene in a state's enforcement of its criminal laws only in extreme cases." The Court does not consider the instant dispute an extreme case worthy of intervention. Furthermore, the Court does not find that any "great and immediate" danger warranting federal court intervention. *See Douglas v. City of Jeannette*, 319 U.S. 157, 163-164 (1943). At a hearing held on these motions on July 13, 2005, Plaintiffs failed to bring forth any evidence that they have been denied due process in challenging the zoning fine. In fact, the City has conducted public hearings on the issue.

Plaintiffs have also failed to prove that the City has violated the First Amendment by undertaking a prosecution "in retaliation for or to deter the exercise of constitutionally protected rights." *Wilson v. Thompson*, 593 F.2d 1375, 1377 (5th Cir. 1979). The tripartite test set forth in *Wilson* asks (1) whether the conduct allegedly retaliated against or sought to deterred was constitutionally protected, (2) whether the State's bringing of the criminal prosecution was motivated at least in part by a purpose to retaliate for or to deter that conduct, and (3) whether the

state can show by a preponderance of the evidence that it would have reached the same decision as to whether to prosecute even had the impermissible purpose not been considered. *Id.* Assuming *arguendo* that Plaintiffs satisfied the first two prongs, the evidence presented at the hearing clearly showed that the City would have fined Plaintiffs anyway. The decision makers in this case were not the City's attorneys. Rather, the code enforcement officers testified that upon receiving information from the City Attorney's office about Mr. Bunch operating his firm out of his home *they* initiated the process to ticket Plaintiffs.

III. Conclusion

Accordingly, Plaintiffs' Motion for Preliminary Injunction is DENIED and Defendant's Motion to Dismiss Count 1 "Retaliatory Prosecution" (construed as complaint of malicious prosecution) is GRANTED.

**It is so ORDERED.**

**ENTERED: July 26, 2005**

_____
JERRY BUCHMEYER
SENIOR U.S. DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS